UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **MARKET MASTERS – LEGAL,** <br> **A RESONANCE COMPANY, INC.,** <br><br> Plaintiff, <br><br> v. <br><br> **PARKER WAICHMAN ALONSO, LLP,** <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. <br> 10-40119-FDS |

### ORDER TRANSFERRING CASE TO WESTERN DIVISION

This action was filed in the Superior Court for Worcester County and removed by defendant to the Central Division of the United States District Court. The only party from Massachusetts, plaintiff Market Masters – Legal, A Resonance Company, Inc., is based in Northampton, which is located in the Western Division. The complaint alleges breach of contract; the relevant contract includes a forum selection clause that provides for litigation of any dispute in the Worcester Superior Court or in the United States District Court for the District of Massachusetts in Boston (Eastern Division) or Worcester (Central Division).

Within the meaning of Local Rule 40.1, "[t]he only parties [in this case] residing in the District of Massachusetts reside in" the Western Division. *See* D. Mass. R. 40.1(D)(1)(c). In the absence of the parties' agreement, this case would have been assigned to the Western Division. The principal purpose of the local rule is to prevent forum-shopping, particularly in light of the fact that certain divisions (such as the Western and Central) have only one assigned judge. If plaintiffs could file in any division in which venue exists as a technical matter, or if the parties could agree to filing in a particular division, it would enable the parties to select (or avoid) certain

courts or particular judges.  Accordingly, as a matter of policy, the Court is unwilling to enforce the parties' forum selection clause, which purports to require this case to proceed only in the Central or Eastern Division.  To enforce the forum selection clause would be to encourage precisely the forum shopping that the local rules are designed to prevent.  *Cf.* 28 U.S.C. § 1404(a) (authorizing change of venue in the interests of justice); *Unistaff, Inc. v. Koosharem Corp.*, 667 F. Supp. 2d 616, 619 n.3 (E.D. Va. 2009) (noting that district courts may have discretion not to apply forum selection clauses if venue is proper under 28 U.S.C. § 1391(a)).

For the foregoing reasons, and for good cause shown, this case is transferred *sua sponte* to the Western Division of the District of Massachusetts.  *See* Local Rule 40.1(F).

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  July 23, 2010