```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS


MARKET MASTERS-LEGAL and            )
COMMERCIAL PRO, INC.                )
        Plaintiffs                  )
                                    )
                  v.                ) C.A. 10-cv-40119-MAP
                                    )
PARKER WAICHMAN ALONSO, LLP,        )
and                                 )
INNOVATIVE LEGAL MARKETING, LLC     )
        Defendants                  )
```

### MEMORANDUM AND ORDER REGARDING PLAINTIFF'S MOTION TO AMEND, INNOVATIVE LEGAL MARKETING'S MOTION TO DISMISS FOR LACK OF JURISDICTION, AND PARKER WAICHMAN ALONSO'S MOTION TO DISMISS
(Dkt. Nos. 27, 42, and 44)

January 20, 2011

PONSOR, D.J.

### I. INTRODUCTION

Plaintiff Market Masters-Legal is a Massachusetts-based advertising agency that licenses media campaigns to law firms that specialize in personal injury cases. By agreement, Plaintiff Commercial Pro, Inc. is no longer a party. Defendants are Parker Waichman Alonso, LLP ("PWA"), a New York-based law firm that specializes in personal injury cases, and Innovative Legal Marketing, LLC ("ILM"), a Virginia-based marketing firm that creates television marketing campaigns for law firms. Before the court are motions to dismiss by both Defendants. For the reasons that

follow, the court will allow the motion by Defendant ILM (Dkt. No. 42) and will partially allow the motion by Defendant PWA (Dkt. No. 44.)

## II. PROCEDURAL HISTORY

In July 2010, Plaintiff filed a complaint in the United States District Court in Worcester, alleging breach of contract against Defendant PWA and seeking a preliminary injunction to enjoin Defendant PWA from airing certain advertisements that Plaintiff alleged violated Plaintiff and Defendant PWA's Licensing Agreement. The preliminary injunction was granted, and the case was subsequently transferred to this court.

In October 2010, Plaintiff sought and was granted an extension of the preliminary injunction through October 15, 2011. Plaintiff also moved to amend the complaint to add counts of copyright infringement and violation of Mass. Gen. Laws chapter 93A against Defendant PWA and to add ILM as a defendant on these two new counts. (See Dkt. No. 27.) The court allowed the motion as to Defendant PWA but granted putative Defendant ILM leave to oppose the motion, which it has, both in the form of an opposition and as a motion to dismiss.

## III. FACTS

The facts, except where noted, are from the amended

complaint. (Dkt. No. 7, Am. Compl.)  Plaintiff has created a television marketing campaign that it licenses to personal injury law firms around the country.  These firms purchase the exclusive right to air the campaign in their media market.  The advertisements are personalized to include the name of the law firm.  Defendant PWA and Plaintiff entered into a Licensing Agreement from October 2007 through October 2009, which granted Defendant PWA the exclusive right to broadcast Plaintiff's ads in various media markets.  (Dkt. No. 1, Ex. 2.)

For the first year, Defendant PWA's ads included only those that Plaintiff had already created.  At the beginning of 2008, pursuant to the Licensing Agreement, Plaintiff created a new series of ads at Defendant's request called "Big Case" ads.  (Dkt. No. 7, Am. Compl. ¶ 15.)  A few months after the Licensing Agreement expired, Plaintiff learned that ads for Defendant PWA that contained visual elements and sound effects that were substantially similar to those in the "Big Case" ads were airing.  Plaintiff refers to these elements as "Stolen Elements."  (Id. ¶ 18.)  Plaintiff alleges that Defendant ILM created these ads and is responsible for airing them.

In December 2009, Plaintiff notified Defendant PWA that it was violating the Licensing Agreement by running the

ads.[1] Defendant PWA denied the charge, refused to stop running the ads, and this litigation ensued.

## IV. DISCUSSION

### A. Defendant PWA's Motion to Dismiss.

Defendant PWA has moved to dismiss under Federal Rules of Civil Procedure 12(b)(2), for lack of personal jurisdiction, and 12(b)(6), for failure to state a claim.

#### 1. Personal Jurisdiction.

The Licensing Agreement governing the relationship between Plaintiff and Defendant PWA included a forum-selection clause, which provided that Plaintiff and Defendant PWA would submit to jurisdiction in the United States District Court in Massachusetts "over any suit,

---

[1] The Licensing Agreement provides:

In the event that the License is not extended for any reason, the Licensee hereby agrees that <u>for a period from two years from the Expiration Date</u> it shall not prepare or broadcast any advertisement for the solicitation of clients and the rendering of legal services in any jurisdiction in the United States, including the Licensed Area, which shall include performances by, or otherwise utilize the services of, Robert Vaughn, William Shatner, Erik Estrada, Brian Carney, any subsequent spokesperson(s) utilized by MM-L, any actors utilized by MM-L, or scripts similar to that of the Advertisements other than any that may have aired prior to Licensing Television Advertisements from MM-L.
(Dkt. No. 1, Ex. 2, Terms & Provisions, § 8 (emphasis added).)

action or proceeding against it or its respective properties, assets, or revenues with respect to this Agreement." (Dkt. No. 1, Ex. 2. § 11.) Although Defendant PWA admits, as it must, that the forum-selection clause governs the breach of contract claim, Defendant PWA has moved to dismiss Counts II and III of the complaint based on its argument that the clause does not apply to the copyright infringement claim or the chapter 93A claim and that the court cannot otherwise assert personal jurisdiction with respect to these claims.

Undeniably, the chapter 93A claim arises primarily out of the breach of contract claim regarding Defendant PWA's alleged use of the "Stolen Elements." (Dkt. No. 7, Am. Compl. ¶¶ 31-33.) Therefore, the forum-selection clause applies, and the court has personal jurisdiction over Defendant PWA on Count III, the chapter 93A claim.

While the analysis concerning Count II, the claim of copyright infringement, is more nuanced, the court disagrees with Defendant PWA that the phrase "with respect to" requires such a narrow reading as not to encompass the copyright claim as well. It is true, as Defendant PWA argues, that the elements of a copyright claim do not require that the parties have a contractual relationship and, thus, the claim does not arise out of the Licensing

Agreement. See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991) (identifying copyright claim elements as "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original"). However, it is also true that, in this case, but for the Licensing Agreement, the "Big Case" ads would never have been created. Thus, the copyright claim at least tangentially arises "with respect to" the Licensing Agreement, and the court finds that the forum-selection clause applies.

2. Motion to Dismiss for Failure to State a Claim.

Defendant PWA has moved to dismiss Counts I and III for failure to state a claim. "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 558 (2007); see also Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007). Defendant PWA argues that the breach of contract claim relates to the "Big Case" advertisements, which were created after the parties entered into the Licensing Agreement and were thus not contemplated by the Agreement's provision regarding limitations on use. However, Plaintiff's president, Rick Heideman, expressly

stated in his affidavit that Plaintiff prepared these advertisements pursuant to a contract provision that bound it to customize three advertisements. (Dkt. No. 48, Heideman Aff. ¶ 7; see Dkt. No. 1, Ex. 2, § 2.) Moreover, Mr. Heideman stated that all advertisements created by Plaintiff for Defendant PWA were subject to the limiting provision. (Dkt. No. 48, Heideman Aff. ¶ 8; see Dkt. No. 1, Ex. 2, § 2.) At this stage of the proceedings, Plaintiff has offered sufficient evidence to prevent dismissal of Count I.

Plaintiff's claim that Defendant PWA violated Mass. Gen. Laws ch. 93A, however, does not fare so well. Defendant PWA moved to dismiss Count III on the grounds that Plaintiff has not alleged that unfair or deceptive conduct occurred in Massachusetts. See Mass. Gen. Laws ch. 93A, §11 (West 2010) ("No action shall be brought or maintained under this section unless the actions and transactions constituting the alleged unfair method of competition or the unfair or deceptive act or practice occurred primarily and substantially within the commonwealth."). A thorough review of the record and Plaintiff's pleadings reveals not a single action or transaction alleged by Plaintiff that occurred in

Massachusetts.[2] Accordingly, Count III, violation of ch. 93A, will be dismissed.

   B. <u>Defendant ILM's Motion to Dismiss</u>.

   Plaintiff seeks to add putative Defendant ILM to Counts II and III, the claims of copyright infringement and violation of ch. 93A. Defendant ILM has opposed the motion to amend the complaint and, in the alternative, moved to dismiss for lack of personal jurisdiction.

   "When a court's personal jurisdiction over a defendant is contested, the plaintiff has the ultimate burden of showing by a preponderance of the evidence that jurisdiction exists." <u>Adams v. Adams</u>, 601 F.3d 1, 5 (1st Cir. 2010). Plaintiff, who is proceeding under a theory of general jurisdiction,[3] must demonstrate that jurisdiction comports with both the requirements of the Massachusetts long-arm statute, Mass. Gen. Laws ch. 223A, § 3(a), and the Due Process Clause of the Fifth Amendment. General jurisdiction requires a showing of "continuous and systematic" contacts between Defendants and the forum state such that

---

[2] At the hearings on the motions to dismiss, Plaintiff's attorney was also unable to identify any Massachusetts-based conduct.

[3] Plaintiff has not alleged specific jurisdiction. <u>See</u> <u>Harlow v. Children's Hosp.</u>, 432 F.3d 50, 57 (1st Cir. 2005) ("For specific jurisdiction, the plaintiff's claim must be related to the defendant's contacts.").

-8-

jurisdiction is proper regardless of whether the contacts relate to the cause of action. <u>Adelson v. Hananel</u>, 510 F.3d 43, 49 (1st Cir. 2007). In Massachusetts, the court can "sidestep the statutory inquiry and proceed directly to the constitutional analysis because the state's long-arm statute is coextensive with the limits allowed by the Constitution." <u>Id.</u> (citations and quotation marks omitted).

In order for Massachusetts to exercise personal jurisdiction over Virginia-based Defendant ILM, the Due Process Clause requires that Defendant have sufficient minimum contacts with the state, such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." <u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945) (citation and quotation marks omitted). The familiar minimum contacts analysis for general jurisdiction involves three distinct inquiries into whether the defendant's forum-state activities were continuous and systematic, whether the defendant purposely availed itself of the privilege of conducting activities in the forum state, and whether the exercise of personal jurisdiction is reasonable. <u>Harlow v. Children's Hospital</u>, 432 F.3d 50, 57 (1st Cir. 2005).

Plaintiff proposes two theories as bases for general jurisdiction. First, Plaintiff posits that Defendant ILM is

"acting as Parker Waichman Alonso's alter ego" and that, therefore, Defendant PWA's contacts can be imputed to Defendant ILM. (Dkt. No. 7, Compl., ¶ 7.) Alternatively, Plaintiff argues that Defendant ILM itself has sufficient minimum contacts to allow the court to exercise jurisdiction over it. (<u>Id.</u>) Neither theory has merit.

    1. <u>Alter Ego Theory</u>.

Under its alter ego theory, Plaintiff argues that Defendant ILM and Defendant PWA are essentially the same. The complaint alleges that Defendant PWA "act[s] through" Defendant ILM and that Defendant ILM "is acting in concert with, and aiding and abetting Parker Waichman Alonso's copyright infringement by actively placing their ads in television." (Dkt. No. 7, Am. Compl., Intro. & ¶ 29.) As such, Plaintiff argues, Defendant ILM is bound by the forum-selection clause of the Licensing Agreement, and, in addition, Defendant PWA's contacts should be imputed to Defendant ILM.

As to the forum-selection clause, Plaintiff has provided no support, nor could this court find any, indicating that an entity created after the date on which a contract was entered into could possibly be bound by the terms of that contract. If only because the record shows that Defendant ILM was formed on October 6, 2009, (Dkt. No.

45, Johnson Aff. ¶ 2), and Plaintiff and Defendant PWA entered into their Licensing Agreement in October 2007, Plaintiff's argument fails.

Regarding the alter ego theory itself, Plaintiff relies on the First Circuit's holding that in certain circumstances, where an actual or apparent agency relationship exists, minimum contacts of the agent may be imputed to the principal. Daynard v. Ness et al., 290 F.3d 42, 56 (1st Cir. 2002). Notably, such a piercing of the corporate veil "is permitted only where there is confused intermingling between corporate entities or where one corporation actively and directly participates in the activities of the second corporation, apparently exercising pervasive control." American Home Assurance Co. v. Sport Maska, Inc., 808 F. Supp. 67, 73 (D. Mass 1992); see also My Bread Baking Co. v. Cumberland Farms, Inc., 233 N.E. 2d 748, 752 (Mass. 1981). Plaintiff alleges that such "confused intermingling" exists between Defendants as evidenced by the following: (1) Defendant ILM's website is registered to an employee of Defendant PWA; (2) Defendants are listed as co-owners of a copyright for one of the allegedly infringing advertisements; (3) Defendant ILM was formed eight days before the Licensing Agreement between Plaintiff and Defendant PWA expired; and (4) the toll-free number that

Defendant ILM includes in its ads is the same number that
Defendant PWA obtained for its Big Case ads with Plaintiff.
(Dkt. No. 47, Mem. in Opp., at 22.)

Plaintiff does not in fact suggest that Defendants are
in an agency relationship. Instead, Plaintiff points out
that the First Circuit has held that, "[e]ven if the
defendants' relationship were to fall slightly outside of
the confines of these specific doctrines [of partnership,
joint venture, or agency], the question before us is whether
a sufficient relationship exists under the Due Process
Clause to permit the exercise of jurisdiction." Daynard,
290 F.3d at 56-57. For its part, Defendant ILM argues that
for Plaintiff to succeed on its alter ego theory, it must
demonstrate "evidence of fraud and injurious consequences
from such an intercorporate relationship." American Home
Assurance Co., 808 F. Supp. at 73.

Here, despite some connections between Defendants, none
of Plaintiff's allegations enable the court to "disregard
the separate corporate entities." Id. Plaintiff has
provided no evidence that Defendant PWA maintains any
control over Defendant ILM, much less "pervasive control."
As here, "[w]here the affairs of the corporations are not so
intertwined as to demonstrate that the two corporations are,
in reality, a single entity, the parent cannot be held

responsible on an alter-ego theory." <u>American Home Assurance Co.</u>, 808 F. Supp. at 73. Defendant PWA's contacts cannot be imputed to Defendant ILM without more evidence that Defendants are not just working together but are, in fact, a single entity.

    2. <u>Minimum Contacts</u>.

Plaintiff's alternative argument is that Defendant ILM has sufficient contacts with Massachusetts such that the court's exercise of jurisdiction would be proper. Plaintiff alleges that these "continuous and systematic" contacts arise out of the following conduct: (1) Defendant ILM has a website; (2) Defendant ILM broadcasts television ads throughout the country; (3) Defendant ILM has a client headquartered in Rhode Island who has offices in southeastern Massachusetts; (4) Defendant ILM runs ads for the Rhode Island-Massachusetts client that broadcast to a Massachusetts audience via television towers located in Massachusetts; and (5) Defendant ILM has mailed promotional literature to an attorney in Massachusetts. (Dkt. No. 47, Pl.'s Mem. at 19.)

The court will address each alleged contact in turn. First, regarding Defendant ILM's website, the First Circuit has held that "[i]t is clear that 'the mere existence of a website that is visible in a forum and that gives

information about a company and its products is not enough, by itself, to subject a defendant to personal jurisdiction in that forum.'" Cossaboon v. Me. Med. Ctr., 600 F.3d 25, 35 (1st Cir. 2010) (quoting McBee v. Delica Co., 417 F.3d 107, 124 (1st Cir. 2005)). Similarly, regarding the advertisements that allegedly aired in Massachusetts, "jurisdiction can be based on the broadcasting of a television program (or advertising) into the forum state, when the cause of action arises . . . from the broadcast itself." Digital Equip. Corp. v. AltaVista Tech., 960 F. Supp. 456, 466 n.20 (D. Mass. 1997). In alleging general jurisdiction, Plaintiff has not alleged that the "Stolen Elements" advertisements aired in Massachusetts and has provided no evidence to contest Defendant ILM's assertion that none of its advertisements has aired in Massachusetts.[4]

The next two contacts concern Defendant ILM's relationship with its client, D'Oliveira and Associates, P.C., a law firm based in East Providence, Rhode Island. Plaintiff alleges that D'Oliveira and Associates has an office in southeastern Massachusetts and that this fact alone is sufficient for the court to exercise personal

---

[4] In fact, Plaintiff stated, "It is unclear whether the advertisements that Innovative is placing on the airwaves in Massachusetts presently infringe upon [Plaintiff's] copyrights." (Dkt. No. 47, Mem. in Opp., at 19.)

jurisdiction over Defendant ILM.  Furthermore, Defendant ILM has run advertisements in Rhode Island that may have been broadcast via television towers that are located in Massachusetts.

Defendant ILM's president, Brien Johnson, stated that his company has only worked with the main office of D'Oliveira and has only broadcast advertisements on Rhode Island stations.  (Dkt. No. 45, Johnson Aff. ¶ 12.) However, even if Plaintiff had provided evidence to contest Mr. Johnson's affidavit, which it has not, Plaintiff has failed to show that Defendant ILM purposely availed itself "of the privilege of conducting activities in" Massachusetts.  <u>Adams</u>, 601 F.3d at 5 (quoting <u>Adelson</u>, 510 F.3d at 49)).  "The focus of the purposeful availment inquiry is the defendant's intentionality."  <u>Id.</u> at 6.  The happenstance of D'Oliveira's Massachusetts connection cannot serve as a basis for the court's exercise of personal jurisdiction over Defendant ILM.  Needless to say, Plaintiff's claim that Defendant ILM mailed promotional literature to a Massachusetts attorney is insufficient on its own to satisfy the requirement that the contacts of Defendant ILM be continuous and systematic.[5]

---

[5]  Defendant ILM maintains that this contact was manufactured: an attorney from the firm representing Plaintiff approached Defendant ILM's booth at a conference in Las Vegas

For the foregoing reasons, Plaintiff has not met its burden of showing by a preponderance of the evidence that this court may properly exercise jurisdiction over Defendant ILM, and Defendant ILM's motion to dismiss will be allowed.

C. <u>Jurisdictional Discovery</u>.

Plaintiff has requested the opportunity to conduct jurisdictional discovery if the court finds that the current evidence is insufficient to establish that it may exercise personal jurisdiction over Defendant ILM. In an effort to satisfy the minimum contacts requirements of "'relatedness, purposeful availment, and reasonableness,'" <u>Negron-Torres v. Verizon Communs., Inc.</u>, 478 F.3d 19, 24 (1st Cir. 2007) (quoting <u>Platten v. HG Bermuda Exempted Ltd.</u>, 437 F.3d 118, 135 (1st Cir. 2006)), Plaintiff seeks to discover information concerning the ownership, management, and financial affairs of both Defendants and their affiliated entities as well as any individuals connected to them. Plaintiff also seeks discovery on the number of "hits" that both Defendants receive on their websites from Massachusetts residents. (Dkt. No. 47, Pl.'s Mem. in Opp. at 47.)

"[A] diligent plaintiff who sues an out-of-state corporation and who makes out a colorable case for the

---

and left his business card requesting that promotional materials be sent to him.

existence of in personam jurisdiction may well be entitled to a modicum of jurisdictional discovery." United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 625 (1st Cir. 2001) (citation and quotation marks omitted) (emphasis in original). Plaintiff has made out no such colorable case. Presumably, Plaintiff seeks Defendants' corporate governance and ownership information in order to bolster its alter ego theory. Plaintiff has simply provided no evidence that warrants continued pursuit of this matter. Second, the First Circuit's holding in Cossaboon precludes an exercise of personal jurisdiction based on "hits." See Cossaboon v. Me. Med. Ctr., 600 F.3d 25, 35 (1st Cir. 2010) ("The mere fact that . . . an interactive site is accessible in New Hampshire does not indicate that [the defendant] purposely availed itself of the opportunity to do business in New Hampshire."). Discovery in this area could not as a matter of law establish the requisite minimum contacts. Accordingly, the court will deny Plaintiff's request for jurisdictional discovery.

## V. CONCLUSION

Defendant PWA's Motion to Dismiss (Dkt. No. 44) is hereby DENIED as to Counts I and II for breach of contract and copyright infringement, and ALLOWED as to Count III for violation of chapter 93A. Defendant ILM's Motion to Dismiss

(Dkt. No. 42) is hereby ALLOWED.  Plaintiff's Motion to Amend (Dkt. No. 27), previously allowed, in part, as to Defendant PWA, is hereby DENIED, in part, as to Defendant ILM.

A scheduling order will issue.

It is So Ordered.

                                    <u>/s/ Michael A. Ponsor</u>
                                    MICHAEL A. PONSOR
                                    U. S. District Judge