```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MASSACHUSETTS


MARKET MASTERS-LEGAL,              )
A RESONANCE COMPANY, INC.,         )
          Plaintiff                )
                                   )
          v.                       )  C.A. 10-cv-40119-MAP
                                   )
PARKER WAICHMAN ALONSO, LLP.,      )
          Defendant                )
```

### MEMORANDUM AND ORDER REGARDING COUNT I

January 25, 2012

**PONSOR, U.S.D.J.**

Plaintiff has brought this action in two counts, the first for breach of contract and the second for copyright infringement. On December 16, 2011, the court issued a short order regarding the parties' Cross-motions for Summary Judgment. At that time, the court denied Defendant's Motion for Summary Judgment regarding the contract claim, without prejudice, "finding that it was likely that this count was preempted by the count alleging copyright infringement[,]" but concluding that "this issue may be addressed later." Dkt. No. 90 at 1.

Counsel appeared on January 12, 2012 for a final pretrial conference and pointed out to the court that the lingering issue of the viability of the breach of contract count was creating complications with regard to preparation for trial,

which is slated to commence on February 21, 2012.  Counsel for Plaintiff filed a memorandum regarding preemption (Dkt. No. 94), and Defendant responded with its own memorandum (Dkt. No. 95).

    Having now reviewed the authorities submitted by counsel, the court must conclude that the overwhelming weight of authority supports dismissal, on the grounds of preemption, of the contract claim in this case.  It is true that the First Circuit's decision in <u>Santa-Rosa v. Combo Records</u>, 471 F.3d 224 (1st Cir. 2006), left open the question of whether "a simple breach of contract action that only seeks damages would be preempted by the Copyright Act." 471 F.3d 224, 226 (1st Cir. 2006) (footnote omitted).  However, the cases cited in the First Circuit's footnote in <u>Santa-Rosa</u> are clearly distinguishable from this case, and the authorities cited in Plaintiff's memorandum strongly support dismissal of a contract claim in these circumstances.

    For the foregoing reasons, in order to assist counsel in the preparation for trial, Count I of the complaint is hereby ordered DISMISSED.  The case will go forward only on the Copyright Act claim.  It is understood that this ruling eliminates any claim for liquidated damages.

    Defendant's recent memorandum (Dkt. No. 95) also addresses the separate question of whether certain "short

phrases" and other elements enjoy copyright protection.  This issue may be resolved through motions <u>in limine</u>.  These are due by February 3, 2012, with  oppositions by February 10, 2012.

It is So Ordered.

<u>/s/ Michael A. Ponsor</u>
MICHAEL A. PONSOR
United States District Judge
